**In Re Anonymous No. 64 D.B. 82**

Disciplinary Docket Board No. 64 D.B. 82.

KECK, member, May 26, 1983 — Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY

Petitioner was born July 22, 1944, was admitted to practice before the Supreme Court of Pennsylvania November 20, 1969, engaged in the practice of law in [        ], Pennsylvania from 1969 until August 1976 at which time he ceased practice and moved to [        ], New Jersey. When he left [        ] in August, 1976 he submitted a check in payment of the 1976-77 registration fee which was returned for insufficient funds. The check was made good eventually in November, 1982.

Petitioner was transferred to inactive status November 18, 1977 for failure to pay the 1977-78 registration fee.

The petition for reinstatement was filed October 12, 1982 and was assigned to hearing committee [        ] composed of [        ]. A hearing was held February 3, 1983 at which petitioner was represented by [A], Esq. and at which petitioner, his attorney, and Dr. [B] furnished testimony. The report of the hearing committee was filed March 21, 1983 recommending reinstatement with conditions. The

matter was adjudicated by the Disciplinary Board May 4, 1983. The board adopted the report of the hearing committee and transmits the committee's recommendations to your honorable court.

## II. FINDINGS OF FACT

The Disciplinary Board concurs in the findings of fact found by hearing committee [      ]:

1. Petitioner was admitted to practice as an attorney at law in this Commonwealth on November 20, 1969.

2. Petitioner has not engaged in the actual practice of law since November 18, 1977.

3. By order dated November 18, 1977, the Supreme Court of Pennsylvania pursuant to Rule 219 of the Pennsylvania Rules of Disciplinary Enforcement transferred petitioner to the inactive roll of attorneys. The transfer was the result of petitioner's failure to pay the 1977-1978 registration fee to the Supreme Court of Pennsylvania as provided for in Rule 219 of the Pennsylvania Rules of Disciplinary Enforcement (Disciplinary Board's Exhibit No. 1, Item 14).

4. Petitioner filed a petition for reinstatement on October 12, 1982.

5. Petitioner has been employed in the office of [A], Esq., in [     ], Pa., since August of 1982, and in the course of that employment has worked on complicated estate plans, has drafted pleadings and has performed legal research.

6. Petitioner suffers from a mental illness known as Neurotic Depression brought about by difficulties in interpersonal relationships, an unsuccessful early marriage, the death of his mother, considerable financial reverses, and the rejection by his fiance.

7. Petitioner returned to [    ] in May of 1978 and voluntarily admitted himself as a patient to [C] Hospital, a psychiatric hospital located in [    ] County, stayed there for a period of 23 days and then was released. He voluntarily readmitted himself to [C] Hospital in January of 1979 and stayed there for 16 days. He then entered the [    ] Program of [C] Hospital, which is a halfway house located in [    ], Pa.

8. Petitioner presently resides at [    ], Pa. in what is referred to as [    ] Farms, a place where [C] Hospital provides counselling and support services.

9. Petitioner can leave [    ] Farms any time he so chooses but prefers to stay there because it is within his financial means.

10. When petitioner left [    ] in July of 1976 he attempted to pay his Disciplinary Board fee. However, the check that he issued was returned for insufficient funds, which check was subsequently made good on November 27, 1982.

11. In February of 1979, petitioner was arrested in [    ] County because he issued a check for which he had insufficient funds in payment of a hotel bill and was placed on an ARD program which he has successfully completed. He has also made full restitution of the sum to said "bad check."

12. Petitioner has been treated for his mental condition by Dr. [B], a staff physician at [C] Hospital. It is Dr. [B's] opinion that petitioner has made substantial progress in recovering from his state of depression and that his prognosis for his continued progress is good and that his condition is such that he can now return to the practice of law.

13. Petitioner is continuing out-patient psychotherapy and it is Dr. [B's] opinion that he should continue this treatment.

14. Petitioner would not have any objections to periodically submit reports of his mental condition and Dr. [B] would be willing to provide to the Disciplinary Board such periodic reports.

15. Neurotic depression is not a permanent mental disease.

## III.  DISCUSSION

Petitioner has never been subject to disciplinary action. He has demonstrated that he has the moral qualifications and the learning in the law required for admission to the practice of law in this Commonwealth and further that his resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest provided that certain conditions are met.

## IV. RECOMMENDATIONS

The Disciplinary Board adopts the recommendations of hearing committee [      ] and recommends to your honorable court that petitioner be reinstated to active status as a member of the Supreme Court subject to the following conditions:

(a) That petitioner for a least one year from date, practice in the office of Attorney [A] or some other law office rather than attempting to establish a practice of his own and have the employer notify the Disciplinary Board of said employment.

(b) That petitioner continue to undergo therapeutic counselling under the care of a qualified counsellor.

(c) That petitioner visit Dr. [B] or a therapeutic counsellor at least every six months for a period of two years, beginning six months from the date of this recommendation and have Dr. [B] or the thera-

peutic counsellor submit reports to the Disciplinary Board of the Supreme Court of Pennsylvania concerning petitioner's current mental state.

(d) That petitioner agree to have Dr. [B] or his therapeutic counsellor notify the Disciplinary Board immediately upon any substantial change in petitioner's mental condition.

(e) That petitioner agree to report to the Disciplinary Board of the Supreme Court of Pennsylvania any change of employment within ten days from date of such change.

(f) That petitioner's failure to meet any of the above conditions or upon receipt of a report from Dr. [B] or petitioner's therapeutic counsellor indicating that petitioner's current mental condition precludes him from competently performing those duties and functions required of an active attorney; or failure by the board to receive a report from petitioner's current employer evidencing petitioner's current employment status will result in petitioner's being summarily transferred to inactive status.

And further, the board recommends that petitioner be ordered to pay costs associated with this petition.

## FURTHER RECOMMENDATION OF THE DISCIPLINARY BOARD OF THE SUPREME COURT OF PENNSYLVANIA

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

KECK, Member, September 2, 1983 — Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement the Disciplinary Board of the Supreme Court of Pennsylvania on May 26, 1983 submitted its findings and recommendations to

your honorable court with respect to the above-captioned petition for reinstatement.

By letter dated June 30, 1983 the Supreme Court remanded the matter to the Board noting "The Court is of the view that if a lawyer is to be reinstated to active status, such reinstatement should be without conditions . . ." and "requests a further recommendation by the Board. . ."

The board now submits this further recommendation to your honorable court. The history of the case and findings of fact were set forth in the original report and are incorporated herein by reference.

## DISCUSSION

Petitioner has never been subject to disciplinary action. His transfer to inactive status was occasioned by his suffering from neurotic depression. Petitioner has been treated for his condition and in the opinion of his physician has made substantial progress toward recovery from his state of depression. His physician is of the opinion that his prognosis for continued improvement is good and that his condition is such that he can now return to the practice of law. He has demonstrated that he has the moral qualifications and the learning in the law required for admission to the practice of law in this Commonwealth and further that his resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

## RECOMMENDATIONS

The Disciplinary Board recommends to your honorable court that petitioner be reinstated to active status as a member of the bar of the Supreme Court

of Pennsylvania upon payment of the costs of investigating and processing the Petition for Reinstatement.

Messrs. Daniels, Krawitz and Curran did not participate in the adjudication.

## ORDER

ROBERTS, C. J., And now, this September 15, 1983, the recommendation of the Disciplinary Board dated September 2, 1983, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.